IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENEFICIAL FINANCIAL I INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DARRYL K. GRACE et al., ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | Civ. No. 11-00624 SOM-BMK <br><br> FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO
REMAND BE GRANTED

Before the Court is Plaintiff Beneficial Financial I Inc.'s Motion To Remand Action Removed From the District Court of the Third Circuit, North and South Kona Division, State of Hawaii. (Doc. # 10.) After careful consideration of the motion, the supporting and opposing memoranda, and the arguments of counsel, the Court FINDS and RECOMMENDS that Plaintiff's motion to remand be GRANTED.

On October 18, 2011, Defendants Darryl K. Grace and Leona I. Grace filed a notice of removal seeking to remove an action filed in state court. (Doc. # 1 & Ex. A.) In the state court action, Plaintiff sought to eject Defendants from a property. (Id. Ex. A at 4.) In the notice of removal, Defendants asserted that

1

removal was proper because this Court has federal question jurisdiction over a related case that was removed to this Court (Civ. No. 11-00375 JMS-BMK). (Doc. # 1 at 3.) Defendants assert that this Court has pendent jurisdiction over this case. (Id. at 3, ¶ 7.) On November 17, 2011, Plaintiff filed the instant motion to remand, asserting that the notice of removal was untimely and that the Court's jurisdiction over the first case does not extend to the instant case. (Doc. # 10, Mem. in Supp. of Mot., at 2-6.) In their opposition, Defendants essentially assert that because the Plaintiff removed the first action, the Court can exercise supplemental jurisdiction over the instant case. (Doc. # 14 at 3-6.) Defendants do not dispute Plaintiff's argument that their notice of appeal was untimely. (See id. at 1-6.)

The Court RECOMMENDS that Plaintiff's motion to remand be granted because Defendants' notice of removal was untimely. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28. U.S.C. § 1446(b). Defendants do not dispute Plaintiff's argument that their notice of removal was untimely. (See Doc. # 14 at 1-6.) Plaintiff has produced documents indicating that Defendants were served through their attorney on September 2, 2011. (Doc. # 10 at Ex. 1.) Additionally, Plaintiff has produced

evidence that defense counsel appeared at a hearing in the state court proceeding on September 13, 2011. (Id. at Ex. 2.) Defendants' October 18, 2011 notice of removal was filed more than thirty days from when Defendants were served. Therefore, the notice of removal is untimely. This Court has remanded actions to state court when the notice of removal is untimely. Olson v. Lui, Civ. No. 11-00396 ACK-RLP, 2011 WL 5330445, at *3 (D. Haw. Nov. 4, 2011) ("The Court has diversity jurisdiction over the Olson Trust action, but nonetheless remands the case because, inter alia, the notice of removal was untimely under 28 U.S.C. § 1446(b), and the case is unremovable under the forum defendant rule set forth in 28 U.S.C. § 1441(b)."); Countrywide Home Loans, Inc. v. Church of Hawaii Nei, Civ. No. 06-00250 JMS-LEK, 2006 WL 2338211, at *3 (D. Haw. Aug. 9, 2006) ("Since Defendant filed the notice of removal more than thirty days after service of the Complaint, remand to state court is appropriate."). The Court FINDS and RECOMMENDS that the case be remanded to state court because Defendants' notice of removal was untimely.

Furthermore, even assuming Defendants' notice of removal was timely, 28 U.S.C. § 1367 does not authorize the Court to exercise supplemental jurisdiction over state law claims in a different action. 28 U.S.C. § 1367(a) provides that:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, <u>in any civil action of which the district courts have original jurisdiction</u>, the district courts shall have supplemental jurisdiction <u>over all other claims that are so related to claims in the action within such original jurisdiction</u> that they form part of the same case or controversy under Article III of the United States Constitution.

(Emphasis added.)

Section 1367(a) authorizes a Court to exercise supplemental jurisdiction over state law claims when it has original jurisdiction over claims in the same action. As other courts have recognized, this section does not authorize a court to exercise supplemental jurisdiction over state law claims in a different action. See <u>Ortolf v. Silver Bar Mines, Inc.</u>, 111 F.3d 85, 86 (9th Cir. 1997) ("Supplemental jurisdiction must be exercised in the same action that furnishes the basis for exercise of supplemental jurisdiction."); <u>In re Estate of Tabas</u>, 879 F. Supp. 464, 467 (E.D. Pa. 1995) ("An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action."). Even assuming Defendants timely filed their notice of removal, the Court cannot exercise supplemental jurisdiction over the state law claims in this case because it lacks original jurisdiction over any of the claims in the instant case.[1] Therefore,

---

[1] Defendants assert that Plaintiff "should be required to file a counterclaim rather than bring a separate action in a separate court." (Doc. #14 at 2.) Defendants also assert that: 1) allowing Plaintiff to pursue the ejectment action in state court "proposes a modicum of bad faith[;]" 2) 28 U.S.C. § 1367(c) does not require that the Court decline to exercise supplemental

4

removal on the basis of supplemental jurisdiction is inappropriate, and the Court FINDS and RECOMMENDS that Plaintiff's motion to remand be GRANTED.

DATED: Honolulu, Hawaii, December 12, 2011.

IT IS SO FOUND AND RECOMMENDED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---

jurisdiction; and 3) the policies of judicial economy and encouraging consistent judicial decisions support removal. (Id. at 2, 4, 5.) These arguments are not persuasive because, as discussed above, Defendants have not shown that the Court has jurisdiction over the state law claims in the instant action.

Beneficial Fin. I, Inc. v. Darryl K. Grace et al., Civ. No. 11-00624 SOM-BMK, FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED